# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

THELMA WILLIAMS, JR.                                                                              PLAINTIFF
ADC #93197

V.                                          NO: 2:08CV00182 BSM/HDY

DOUGLAS LOCKHART *et al.*                                                                      DEFENDANTS

## ORDER

Plaintiff filed this complaint on October 8, 2008, and was granted *in forma pauperis* status. Defendants have now filed a motion to quash Plaintiff's *in forma pauperis* status, along with a brief in support (docket entries #36 & #37).

Under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Defendants identify four cases which they contend qualify as strikes, all from this district: *Williams v. Gibson et al.*, ED/AR No. 5:07CV00178, and the 8th Circuit appeal of that case; *Williams v. Bennett et al.*, ED/AR No. 5:07CV179, *Williams v. Smallwood et al.*, ED/AR 5:07CV181.[1] Defendants also contend that Plaintiff filed a frivolous appeal in this case.

---

[1]In their motion, Defendants also mentioned *Williams v. Outlaw et al.*, ED/AR 2:08CV131, but that case was dismissed after a Court trial, and an appeal is pending.

Even if Plaintiff has three strikes now, the question is whether Plaintiff had three strikes at the time he filed this complaint. *See Campbell v. Davenport Police Dept.*, 471 F.3d 952 (8th Cir. 2006) (section 1915(g) does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal). In *Campbell*, the Court also made clear that even a case dismissed as a strike does not count as a strike until the inmate has exhausted or waived his appeals. *Id*. at 953.

Applying these principles to the cases Defendants cite, Plaintiff had not accumulated three strikes at the time he filed this lawsuit. In *Williams v. Gibson et al.*, ED/AR No. 5:07CV00178, the District Court dismissed the complaint as a strike on August 13, 2007, and the Court of Appeals summarily affirmed that decision on February 13, 2008. Thus, that dismissal counted as a strike before Plaintiff filed this case. The Court of Appeals did not, however, specifically identify the appeal as a strike. A summary affirmance under Eighth Circuit Rule 47A does not automatically qualify as a strike. *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007).[2] Plaintiff's unsuccessful appeal therefore was not a strike. *Williams v. Bennett et al.*, ED/AR No. 5:07CV179, was dismissed as a strike by the District Court on July 17, 2007, and the Circuit Court summarily affirmed the decision on February 13, 2008. However, Plaintiff filed a petition for a writ of certiorari with the United States Supreme Court, which denied the writ on October 17, 2008. Thus, that dismissal did not count as a strike at the time this case was filed. Finally, *Williams v. Smallwood et al.*, ED/AR 5:07CV181 was dismissed for failure to state a claim by the District Court on September 13, 2007. However, the Court of Appeals did not affirm that judgment until December 8, 2008, and that

---

[2]The Court of Appeals has found a summary affirmance qualified as a strike in at least one case, *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001), but this constituted a finding in that case. *See also Henderson v. Norris*, 129 F.3d 481, 485 n.4 (8th Cir. 1997)(Court found appeal frivolous but noted that affirmance did not automatically result in a frivolous finding).

dismissal was not a strike at the time this case was filed. Accordingly, Plaintiff had not accumulated three strikes at the time he filed this case, and he is entitled to proceed *in forma pauperis*.

IT IS THEREFORE ORDERED THAT Defendants motion to quash Plaintiff's *in forma pauperis* status (docket entry #36) is DENIED.

IT IS SO ORDERED this   4   day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE