**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

THELMA WILLIAMS, JR.                                                    PLAINTIFF

V.                              NO: 2:08CV00182 BSM/HDY

DOUGLAS LOCKHART *et al.*                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a former inmate at the Arkansas Department of Correction, filed this complaint on October 8, 2008, alleging that ADC officials retaliated against him for his exercise of constitutional rights. On August 21, 2009, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #61-#63). On September 16, 2009, Plaintiff filed a response (docket entry #66).

## **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, Defendants retaliated against him for using the grievance process and filing a lawsuit against medical office staff members.  This alleged retaliation has taken the form of threats and retaliatory disciplinary charges, and other actions.  Plaintiff asserts that Defendant Douglas Lockhart made threats and wrote a disciplinary charge, and Defendant William Ivory made threats.  Defendant Tameka Cody allegedly violated policy by writing a disciplinary too late after an incident, Defendant Eric Parr allegedly fed Plaintiff food off the floor, and Defendant Kristy Lewis allegedly made threats. Plaintiff alleges that Lewis refused to help him with his legal work.

In their motion for summary judgment, Defendants contend that Plaintiff has failed to exhaust his administrative remedies, and that they are entitled to qualified and sovereign immunity.  Because Plaintiff has failed to exhaust his administrative remedies, Defendants' motion should be granted.[1]

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff.  *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative

_____

[1]Because the dismissal of Plaintiff's complaint should be on the basis of his failure to exhaust his administrative remedies, it should not count as a strike.

3

remedies as are available before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).   In support of their contention that Plaintiff has failed to exhaust his administrative remedies, Defendants have provided the affidavit of Janet Butler, the grievance officer for the ADC (docket entry #62, exhibit A).  According to Butler's affidavit, Plaintiff did not exhaust his administrative remedies against any of the Defendants regarding the issues in this lawsuit before the lawsuit was filed.  Plaintiff's response offers nothing to contradict Defendants' assertions regarding exhaustion.  Accordingly, because Plaintiff failed to exhaust his administrative remedies against any Defendant concerning issues in this lawsuit, before the suit was filed, his complaint should be dismissed.

## III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Defendants' motion for summary judgment (docket entry #61) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.     The Court CERTIFY that an *in forma pauperis* appeal from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this   18   day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE